```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
```
_____
MATTHEW J. HYLAND,

                     Plaintiff,          06-CV-6571T

       v.                             **DECISION**
                                                **and ORDER**
MICHAEL J. ASTRUE, Commissioner
of Social Security

                     Defendant.
_____

## **INTRODUCTION**

Plaintiff Matthew J. Hyland ("Plaintiff") brings this action pursuant to the Social Security Act 42 U.S.C. §§ 405(g) and 1383(c)(3), seeking review of a final decision of the Commissioner of Social Security ("Commissioner") denying his application for Supplemental Security Income ("SSI") disability benefits. Plaintiff seeks reversal of the Commissioner's ruling or, in the alternative, remand of the matter for a new hearing. The Commissioner moves for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c) ("Rule 12(c)"), on the grounds that ALJ Barry E. Ryan's decision was supported by substantial evidence contained in the record. Plaintiff cross-moves for judgment on the pleadings on the grounds that the Commissioner's denial was based on an improper legal standard and was not supported by substantial evidence in the record.

For the reasons set forth below, I find that the decision of the Commissioner is supported by substantial evidence and is in

accordance with applicable law, and, therefore, I grant the Commissioner's motion for judgment on the pleadings.

## BACKGROUND

On July 30, 1996, Plaintiff's mother, Deborah Canfield, filed an application with the Social Security Administration ("Administration") for SSI childhood disability benefits on behalf of Plaintiff. (Tr. 59-62.) Plaintiff, who was born on February 4, 1980, was 16 years old at the time the application was made. (Tr. 59.) He claimed he had become disabled on July 30, 1996. (Tr. 59.) The Administration denied the application and Plaintiff's timely request for reconsideration. (Tr. 38-40, 42, 44-47.) On May 5, 1998, a hearing was held before ALJ Franklin T. Russell at which Plaintiff and his mother testified. (Tr. 376-403.) Plaintiff was not represented by counsel. (Tr. 378.) After ALJ Russell denied Plaintiff's claim on October 2, 1998, Plaintiff filed a request for review with the Social Security Appeals Council ("Appeals Council"). (Tr. 203-20, 227.) On November 2, 2000, the Appeals Council vacated the ALJ's decision and remanded Plaintiff's case for further evaluation. (Tr. 225-26.)

Following the remand, ALJ Russell held a second hearing on July 24, 2001 at which Plaintiff appeared, represented by an attorney. (Tr. 349-75.) Plaintiff and his mother both testified at this second hearing. (Tr. 349-75.) ALJ Russell issued a second decision denying Plaintiff disability benefits on September 10,

2001. (Tr. 278-91.) Plaintiff filed a second request for review with the Appeals Council. (Tr. 246.) In an order dated September 22, 2004, the Appeals Council vacated ALJ Russell's decision, issued September 10, 2001, and remanded the case to an ALJ for further evaluation. (Tr. 292-94.)

Following this second remand, a third hearing was held in Corning, New York before ALJ Barry E. Ryan on February 8, 2006. (Tr. 329-48.) Plaintiff testified and was represented by counsel. (Tr. 329-48.) In a decision dated March 13, 2006, ALJ Ryan found that Plaintiff was not disabled within the meaning of the Social Security Act. (Tr. 16-26.) Plaintiff appealed that decision to the Appeals Council on May 16, 2006. (Tr. 320-24.)

The ALJ's decision became the final decision of the Commissioner when the Appeals Council denied Plaintiff's request for review of the ALJ's decision on September 8, 2006. (Tr. 9-15.) On November 13, 2006, Plaintiff filed this action appealing the Commissioner's decision.

## DISCUSSION

### I.   Jurisdiction and Scope of Review

42 U.S.C. § 405(g) grants jurisdiction to district courts to hear claims based on the denial of Social Security benefits. This section has been made applicable to SSI cases by § 42 U.S.C. 1383(c)(3). 42 U.S.C. § 405(g) directs that when considering such a claim, the district court must accept the findings of fact made by the Commissioner, provided that such findings are supported by

substantial evidence in the record. Substantial evidence is defined as, "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Consolidated Edison Co. v. NLRB, 305 U.S. 197, 217 (1938). Section 405(g) thus limits the court's scope of review to determining whether or not the Commissioner's findings were supported by substantial evidence. See Mongeur v. Heckler, 722 F.2d 1033, 1038 (2d Cir. 1983) (finding that a reviewing court does not try a benefits case de novo). The court also is authorized to review the legal standards employed by the Commissioner in evaluating the plaintiff's claim. The court must "scrutinize the record in its entirety to determine the reasonableness of the decision reached." Lynn v. Schweiker, 565 F. Supp. 265, 267 (S.D. Tex. 1983) (citation omitted).

The Plaintiff and the Commissioner each move for judgment on the pleadings pursuant to Rule 12(c). Judgment on the pleadings may be granted under Rule 12(c) where the material facts are undisputed and where judgment on the merits is possible merely by considering the contents of the pleadings. Sellers v. M.C. Floor Crafters, Inc., 842 F.2d 639 (2d Cir. 1988). If, after a review of the pleadings, the Court is convinced that Plaintiff can prove no set of facts in support of his claim which would entitle him to relief, judgment on the pleadings in favor of the Commissioner may be appropriate. See Conley v. Gibson, 355 U.S. 41, 45-46 (1957). The Commissioner's determination will not be upheld if it is not supported by substantial evidence contained in the record

or if it is based on legal error. Grey v. Heckler, 721 F.2d 41, 44 (2d Cir. 1983); see also Marcus v. Califano, 615 F.2d 23, 27 (2d Cir. 1979).

**II.  Standards for SSI Benefits**

Because Plaintiff was under 18 years old when he initially filed an application for SSI, but over 18 years old when the ALJ released a decision on his claim, the ALJ applied the disability rules for children to the period during which Plaintiff was under the age of 18, and the adult disability rules to the period since the day the claimant attained age 18. See 20 C.F.R. § 416.924(f).

When determining whether or not a child under the age of 18 is disabled, the Commissioner follows a three-step sequential evaluation process. See 20 C.F.R. § 416.924. At the first step, the ALJ determines whether the child is performing "substantial gainful activity." If so, the claim is denied. If the child is not working, the ALJ proceeds to the second step of the evaluation. See 20 C.F.R. §§ 416.924(a), (b). At step two, the ALJ must determine whether or not the child has a "severe" impairment. 20 C.F.R. §§ 416.924(c). If the ALJ determines that the child has a "severe" impairment, the third and final step requires the ALJ to determine whether or not the child has an impairment or combination of impairments that meet, medically equal, or functionally equal in severity a listed impairment . . . ." 20 C.F.R. § 416.924(d). Functional equivalence exists when a child's medically determinable impairment or combination of impairments results in "marked" limitations in at least two

domains of functioning or an "extreme" limitation in at least one domain of functioning. 20 C.F.R. § 416.926a. The domains of functioning the ALJ considers are: (1) acquiring and using information; (2) attending and completing tasks; (3) interacting and relating with others; (4) moving about and manipulating objects; (5) caring for oneself; and (6) health and physical well-being. Id.

When determining whether or not an adult of age 18 or older is disabled within the meaning of the Social Security Act, the ALJ must adhere to the Social Security Administration's five-step sequential evaluation analysis for evaluating applications for disability benefits. See 20 C.F.R. § 404.1520; see also 42 U.S.C.(d)(1)(A). Pursuant to the five-step analysis set forth in the regulations, the ALJ, when necessary, will: (1) consider whether the claimant is currently engaged in substantial gainful activity; (2) consider whether the claimant has any severe impairment or combination of impairments which significantly limit his physical or mental ability to do basic work activities; (3) determine, based solely on medical evidence, whether the claimant has any impairment or impairments listed in Appendix 1 of the Social Security Regulations; (4) determine whether the claimant maintains the residual functional capacity to perform his past work; and (5) determine whether the claimant can perform other work. 20 C.F.R. § 404.1520(4).

### III. The Commissioner's decision to deny Plaintiff childhood disability benefits was supported by substantial evidence in the record.

In finding that Plaintiff was not disabled within the meaning of the Social Security Act, the ALJ adhered to the Social Security Administration's sequential evaluation analysis for evaluating applications for childhood disability benefits. See 20 C.F.R. § 416.924. At step one of the analysis, the ALJ determined that Plaintiff did not engage in substantial gainful activity before he attained age 18. (Tr. 17). At step two, the ALJ determined that Plaintiff had medically determinable severe impairments due to borderline intellectual functioning and a learning disability. (Tr. 18.)

At step three of the analysis, the ALJ determined that Plaintiff did not have a medically determinable impairment or combination of impairments that meets or medically equals any listing in Appendix 1 to Subpart P of Part 404 ("Appendix 1") of the Social Security Administration's regulations. (Tr. 19.) I find that substantial evidence exists in the record to support the ALJ's findings at each step of the analysis for childhood disability. The ALJ thoroughly assessed Plaintiff's IQ scores dating from 1987 to 2001 and employed the appropriate legal standards in determining how much weight to give each score.

The ALJ also found that Plaintiff did not have a medically determinable impairment or combination of impairments that is functionally equivalent to a listing in Appendix 1. (Tr. 19.) The ALJ found that Plaintiff had a marked degree of limitation in

only one domain of functioning (his ability to acquire and use information) and he did not have an extreme degree of limitation in any domain of functioning. (Tr. 20, 21.) In making these findings, the ALJ gave thorough consideration to all of the medical evidence of record. Thus, I find that substantial evidence in the record supports the ALJ's findings that Plaintiff did not qualify for childhood disability benefits.

### IV. The Commissioner's decision to deny Plaintiff adult disability benefits was supported by substantial evidence in the record.

In finding that Plaintiff was not disabled within the meaning of the Social Security Act, the ALJ adhered to the Social Security Administration's sequential evaluation analysis for evaluating applications for adult disability benefits. See 20 C.F.R. § 404.1520. Under step one of that process, the ALJ found that Plaintiff had engaged in substantial gainful activity in 2001 and 2003. (Tr. 21.)

At step two of the analysis, the ALJ again found that Plaintiff had medically severe impairments due to borderline intellectual functioning and a learning disability.  (Tr. 22.) The ALJ concluded that Plaintiff did not have a severe impairment due to depression, anxiety, or disruptive behavior disorder. (Tr. 22.) The ALJ determined that Plaintiff's mental impairments impose only mild limitations on his social functioning and his ability to accomplish activities of daily living. (Tr. 22.) The ALJ found that the Plaintiff's mental impairments impose only moderate limitations on his concentration, persistence, or pace.

(Tr. 22.) I find that there is substantial evidence in the record to support the ALJ's findings at step two of the analysis.

At step three, the ALJ found that Plaintiff's impairments were not severe enough to meet or equal, either singly or in combination, any of the impairments listed in Appendix 1. (Tr. 23.) The ALJ again assessed whether or not Plaintiff's impairments meet or medically equal Listing 12.05C, and, therefore, found that the impairments did not meet the requirements for listing due to mental retardation. (Tr. 23.) I find that substantial evidence supports the ALJ's finding that although Plaintiff received IQ scores that fall within the range specified in listing 12.05C, since he attained age 18, Plaintiff does not meet the requirements for listing under mental retardation.

At step four of the five-step evaluation process, the ALJ determined that Plaintiff is able to perform a wide range of unskilled work at any exertional level. (Tr. 24.) The ALJ then concluded that Plaintiff had the residual functional capacity to perform his past relevant work as a paving machine operator. (Tr. 24.) At step five, the ALJ used Plaintiff's residual functional capacity, applied the Medical Vocational Guidelines, and concluded that Plaintiff had the residual functional capacity to perform jobs existing in significant numbers in the national economy. (Tr. 24-25.) Based on the entire record, and particularly the medical evidence in the record, I find that substantial evidence supports the ALJ's determination that

Plaintiff is not disabled at steps four and five of the sequential evaluation process.

## CONCLUSION

For the reasons set forth above, I conclude that the ALJ's decision was supported by substantial evidence in the record and, therefore, grant Commissioner's motion for judgment on the pleadings. Plaintiff's Complaint is dismissed with prejudice.

ALL OF THE ABOVE IS SO ORDERED.

S/Michael A. Telesca

_____

MICHAEL A. TELESCA
United States District Judge

Dated:   Rochester, New York
         August 7, 2008